JOHN MORRELL & CO. (A MAINE CORPORATION), JOHN MORRELL & CO, (A DELAWARE CORPORATION), KITTERY REALTY CO., YORKSHIRE CREAMERY CO., AND OTTUMWA SERUM CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15114, 34274. Promulgated December 5, 1928.

*C. B. Stiver, Esq.*, for the petitioners.
*Malcolm E. McDowell, Esq.*, for the respondent.

LITTLETON : The sole issue is whether the limitation on account of intangibles shall be determined upon the basis of the par value of

the outstanding capital stock of the consolidated group, after eliminating intercompany holdings, or the par value of the outstanding stock of the Maine corporation which issued stock for the intangibles, is controlled by *Gould Coupler Co.*, 5 B. T. A. 499, wherein the Board said:

> It follows from what we have said that, in applying the limitation on the amount of intangibles, the group shall be treated as a unit, i. e., the limitation shall be measured by the par value of the total outstanding stock of the group. This rule should be followed in both classes of affiliation, and hence in a combination of the two. * * *.

The parties have stipulated that "The total outstanding stock of the affiliated group, as a unit, after eliminating all intercompany holdings for 11 years here in controversy, is $3,236,900." It follows, therefore, that the foregoing amount is to be used as a measure for applying the limitation rather than the outstanding capital stock of the Maine corporation of $1,666,110.

*Judgment will be entered under Rule 50.*